## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACOB MATTERN, Individually and as Special Administrator of the Estate of MARK MATTERN, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 24-cv-422-DWD |
| vs. | ) ) | |
| ROBERTS SINTO CORPORATION,, | ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| CENTURY BRASS WORKS, INC. | ) ) | |
| Third-Party Defendant. | ) | |

### ORDER

**DUGAN, District Judge:**

This matter is before the Court for case management. Third-Party Defendant Century Brass Works, Inc.'s ("Century Brass") Motion to Dismiss Count IV of Roberts Sinto Corporation's ("Roberts Sinto") Third-Party Complaint against Century Brass, or in the Alternative, to Compel Arbitration (Doc. 56) is presently pending. The Court held a hearing on the matter on April 22, 2025. For the reasons set forth below, prior to rending a decision on the Motion, the Court would like supplemental briefing from the parties addressing (1) whether ripeness is a question for the court or an arbitrator; and (2) whether Count IV, which alleges breach of the contractual duty to indemnify, is unripe and subject to dismissal for lack of jurisdiction because Roberts Sinto has not been held

liable in the underlying suit. Robert Sinto's claim for breach of the contractual duty to indemnify is subject to dismissal for lack of jurisdiction because it is not ripe for adjudication.

In the instant case, the parties agree that a valid arbitration agreement exists and that Roberts Sinto's indemnification claim falls within its scope. Century Brass contends that arguments challenging the underlying claim, such as those raised in its motion to dismiss, are properly resolved before sending a case to arbitration. Roberts Sinto disagrees. Thus, as an initial matter, the Court must determine whether Century Brass's defenses (lack of notice, lapse of the indemnification provision due to full performance, statute of limitations, and ripeness) should be resolved by the Court or the arbitrator.

As to the issue of ripeness, Century Brass notes that if, as Roberts Sinto argues in its responsive pleading, the indemnity claim has not yet accrued, it is not ripe for adjudication and should be dismissed. Century Brass briefly reiterated this point during oral argument but offers no analysis or authority supporting its position. Additionally, neither party has addressed whether ripeness is a question for the Court or arbitrator. Perfunctory and undeveloped arguments are generally considered waived. *Perry v. Sullivan,* 207 F.3d 379, 383 (7th Cir.2000). But when ripeness "implicates the possibility of [a court] issuing an advisory opinion, [it] is a question of subject matter jurisdiction under

the case-or-controversy requirement," *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759

(7th Cir. 2008), and cannot be waived.[1]

Accordingly, the Court has researched the issue. The Court's research reveals

numerous district court opinions holding that ripeness is a question of procedural

arbitrability to be resolved by the arbitrator and not a district court. *See* e.g., *Albritton v.*

*W.S. Badcock Corp.*, No. 1:02-CV378, 2003 WL 21018636, at *4 (N.D. Miss. Apr. 7, 2003);

*Grant v. Brown*, No. 4:14CV01395, 2014 WL 6389577, at *2 (E.D. Mo. Nov. 14, 2014).

However, in 2017, the Fifth Circuit Court of Appeals considered this issue. Relying on the

Supreme Court's decision in *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173

L.Ed.2d 206 (2009),[2] the Fifth Circuit held that the district court, not the arbitrator, must

decide the issue of ripeness, and if the underlying claim is not ripe, the district court has

---

[1] The Court notes that, for purposes of evaluating whether the federal jurisdictional requirement of ripeness is satisfied, federal law – not state law – controls. *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir.2003). Thus, whether the indemnification is premature thereby depriving this Court of subject matter jurisdiction, is governed by federal law. *See* e.g., *St. Paul Mercury Ins. Co. v. Com. Prop. Assocs., Inc.*, No. 04 C 3534, 2005 WL 1126883, at *2 (N.D. Ill. May 10, 2005). The Seventh Circuit has repeatedly held that duty to indemnify claims are not ripe until the underlying litigation is resolved. *See* e.g., *Lear Corp.*, 353 F.3d at 583. *See also Barnhouse v. City of Muncie*, 499 F. Supp. 3d 578, 603 (S.D. Ind. 2020). Furthermore, when the duty to indemnify claim is not ripe, the Court must dismiss it from the action; a stay is not appropriate because the claim is not justiciable. *Medical Assur.*, 610 F.3d at 375. *See also Barnhouse v. City of Muncie*, 499 F. Supp. 3d 578 (S.D. Ind. 2020) ("[W]here liability has not been established in the case, and a judgment has not been entered, the indemnification claim is not ripe because 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (citing *Sowell v. Dominguez*, 2011 WL 294758, at *14 (N.D. Ind. Jan. 26, 2011)).

[2] In *Vaden*, the Supreme Court stated, in relevant part:

> § 4 of the FAA does not enlarge federal-court jurisdiction; rather, it confines federal courts to the jurisdiction they would have save for the arbitration agreement. Mindful of that limitation, we read § 4 to convey that a party seeking to compel arbitration may gain a federal court's assistance only if, save for the agreement, the entire, actual controversy between the parties, as they have framed it, could be litigated in federal court.

*Vaden v. Discover Bank*, 556 U.S. 49, 66, 129 S. Ct. 1262, 1275, 173 L. Ed. 2d 206 (2009) (internal citations removed).

no jurisdiction to compel arbitration. *Lower Colorado River Auth. v. Papalote Creek II, L.L.C.,* 858 F.3d 916, 923 (5th Cir. 2017). *See Id.* ("*Vaden's* holding necessarily implies that any of the reasons that a federal court may lack subject matter jurisdiction over the underlying dispute—*e.g.*, ripeness—would similarly prevent a district court from having jurisdiction to compel arbitration.").[3] *See also Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.,* 660 F.3d 988, 999 (7th Cir. 2011) (district court lacked jurisdiction to determine whether non-signatories could enforce an arbitration clause because issue of whether the arbitration clause was applicable to the non-signatory parties was not ripe).

With these principles in mind and prior to rendering a decision on Third-Party Defendant Century Brass's Motion to Dismiss Count IV or Compel Arbitration (Doc. 56), the Court would like additional briefing from the Parties. Accordingly, the Court **ORDERS** as follows:

1. The Parties shall file supplemental briefs addressing (1) whether ripeness is a question for the court or an arbitrator; and (2) whether Count IV, which alleges breach of the contractual duty to indemnify, is unripe and subject to dismissal for lack of jurisdiction because Roberts Sinto has not been held liable in the underlying suit.

2. The briefs shall be filed on or before **June 2, 2025,** shall not exceed ten pages.

3. The briefing should address the Supreme Court's holding in *Vaden v. Discover Bank*, 556 U.S. 49, 66, 129 S. Ct. 1262, 1275, 173 L. Ed. 2d 206 (2009) and the Fifth Circuit's holding in *Lower Colorado River Auth. v. Papalote Creek II, L.L.C.,* 858 F.3d 916, 923 (5th Cir. 2017), as well as any additional authority the Parties deem relevant.

---

[3] The Fifth Circuit also noted that district court cases holding that ripeness is a question for the arbitrator either predate *Vaden* or fail to consider *Vaden*. *Lower Colorado River Auth.,* 858 F.3d at 923, note 3.

**SO ORDERED.**

Dated: May 19, 2025

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
