IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB MATTERN, Individually and as Special Administrator of the Estate of MARK MATTERN, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERTS SINTO CORPORATION,,<br><br>    Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>CENTURY BRASS WORKS, INC.<br><br>    Third-Party Defendant. | Case No. 24-cv-422-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on a dispute regarding the meaning of the April 24, 2025 deadline in the Amended Scheduling order for "Defendants' and Third-Party Defendant's depositions." (Doc. 94, 54 ¶4). On June 10, 2025 - after the deadline for deposing Defendants and Third-Party Defendant, but before the September 24, 2025 fact discovery cutoff - Third-Party Plaintiff, Roberts Sinto Corporation ("Roberts Sinto"), requested dates for depositions of four individuals who are current or former employees of Third-Party Defendant Century Brass Works, Inc. ("Century Brass"). Roberts Sinto seeks to depose these current and former employees as fact witnesses. Century Brass objects, asserting that because these witnesses are current or former

employees, the requested depositions amount to taking the deposition of the "Third-Party Defendant" and are therefore untimely. Unable to resolve this dispute on their own, the Parties filed a motion seeking resolution from the Court ("Motion"). (Doc. 95).

As a preliminary matter, the Parties failed to comply with the Court's prior order establishing case management procedures for the instant case. (Doc 65). That Order provides detailed instructions regarding the procedure for submitting unresolved discovery disputes to the Court and those procedures were not followed. Nonetheless, in the interest of efficiency and given the unlikelihood that the Parties will be able to resolve this dispute on their own, the Court declines to strike the Motion and will address the Motion on its merits.

The Amended Scheduling Order in this case (Doc. 54) was based on the Court's standard form and submitted jointly by the Parties. The Parties negotiated and selected the deadlines, including a specific April 24, 2025 deadline for "Defendants' and Third-Party Defendant's depositions." As is relevant here, the Amended Scheduling Order does not define "Third-Party Defendant," nor does it state that all current or former employees of Century Brass are included in that category.

Where a Scheduling Order sets a deadline for deposing a specific party, that deadline is reasonably construed as setting a deadline for deposing the named individual party. When the named individual party is a corporation, the deadline would refer to depositions of the corporation itself. It is literally impossible to depose a corporation. Rule 30(b)(6), however, permits a party to depose a corporation through its designated

2

representative. Under Rule 30(b)(6), if a party names an organization as the deponent, the "named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *See* FED. R. CIV. P. 30(b)(6). The witness will then "testify about information known or reasonably available to the organization." *Id. See also Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, No. 11-CV-8808, 2023 WL 5647204 (N.D. Ill. Aug. 31, 2023) ("A Rule 30(b)(6) witness is the mouthpiece for the organization[,]" is "a spokesperson for the company, and testifies in a corporate rather than personal capacity."). Thus, in the instant case, the April 24, 2025 deadline for "Third-Party Defendant's deposition" refers to the deadline for deposing Century Brass itself, and the only way to depose Century Brass is through its Rule 30(b)(6) designees.

Construing the deadline to include the depositions of all current and former Century Brass employees would mean that the testimony of *any* current or former employee in *any* capacity amounts to binding testimony from Century Brass itself. This conflicts with well-established authority. Depositions of a corporate party under Rule 30(b)(6) are procedurally and substantively distinct from depositions of individual witnesses, including current or former employees. *See* e.g., *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 C 1531, 2011 WL 117048 (N.D. Ill. Jan. 12, 2011) (a deposition of an employee in his individual capacity is distinct from a deposition of an employee as the Rule 30(b)(6) designee); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07–80185 Civ, 2008 WL 360588, at *3 (S.D.Fla. Feb.8, 2008) (explaining that "a corporate entity is distinct from the

3

individuals who control or manage the corporation" and finding that an employee may be deposed as a fact witness, as a representative of the organization, or both); *Commodity Futures Trading Comm'n v. Midland Rare Coin Exchange, Inc.,* No. 97–7422, 1999 WL 35148749, at *3, 1999 U.S. Dist. LEXIS 16939, at *9–10 (S.D.Fla. Aug. 4, 1999) (party could depose witness in his individual capacity for six-hours and also depose the same witness as Rule 30(b)(6) corporate representative for an additional six hours as "the depositions serve distinct purposes, impose different obligations ... and involve different ramifications.").

With these principles in mind, the Court finds that the term "Third-Party Defendant's depositions," as used in the Scheduling Order, refers to depositions of Century Brass itself. As such, the deadline includes only those depositions taken pursuant to Rule 30(b)(6) – and not to depositions of employees or former employees taken in their personal capacity. Accordingly, depositions of current or former Century Brass employees in their capacity as fact witnesses may be conducted through the close of discovery on September 24, 2025.

Finally, the Court finds that Century Brass's contention that it will be prejudiced due to the sequencing of expert disclosures and the timing of the subject fact witnesses does not warrant exclusion or limitation. The Amended Scheduling Order, including the respective deadlines for expert disclosures and fact discovery, was negotiated and agreed to by the Parties. No Party has sought leave to modify the Amended Scheduling Order under Rule 16(b)(4), and no showing of good cause has been made.

Century Brass's objections to Roberts Sinto's fact witness depositions based on the April 24, 2025 deadline are therefore **OVERRULED**.

**SO ORDERED.**

Dated: June 26, 2025

_____
DAVID W. DUGAN
United States District Judge